## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| **Antonina T. Solien,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 2:13-cv-04147-NKL** |
| | ) | |
| **Charles Richard Thompson,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **City of Weaubleau, Missouri,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT CHARLES RICHARD THOMPSON'S MOTION TO DISMISS AND REQUEST FOR HEARING PURSUANT TO §563.074 RSMO

Plaintiff, by and through her undersigned counsel, Joshua P. Jones, Collins & Jones, P.C., responds in opposition to the Motion to Dismiss as to Defendant Charles Thompson and Request for Hearing Pursuant to §563.074 RSMO (Doc. 2) filed by Defendant Charles Richard Thompson ("Thompson"). For the following reasons, Defendant Thompson's motion should be denied.

### I.      INTRODUCTION

Defendant Thompson's motion purports to be a motion to dismiss (presumably under Rule 12(b)(6) of the Federal Rules of Civil Procedure) for failure to state a claim upon which relief may be granted. In reality, it reads, at best, as a premature motion for summary judgment that argues the merits of an affirmative defense of justification to Plaintiff's state law tort

1

claims.[1]  Plaintiff will, in due course, prove each factual assertion set forth in her Petition (Doc. 1-1), which will dispose of Defendant Thompson's alleged affirmative defense.  For now, Defendant Thompson's motion to dismiss should be denied because Plaintiff's well-pled Petition more than adequately sets forth viable, plausible and recognized claims under both federal and Missouri law.

## II.    LEGAL STANDARD

Rule 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6). A motion to dismiss made pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Peck v. Hoff, 660 F.2d 371, 374 (8th Cir. 1981).  The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (*citing* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n. 1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.  To survive a motion to dismiss, a complaint must contain factual allegations, taken as true, sufficient "to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555; Parkhurst v. Tabor, 569 F.3d 861, 865 (8th Cir. 2009).  Stated another way, to survive dismissal a complaint must allege "only enough facts to state a claim to relief that is plausible on its face."

---

[1] It should be noted that Defendant Thompson's defense of justification pursuant to MO. REV. STAT. §563.074 (2012) applies, if at all, only to Plaintiff's state law tort claims and is not a defense to Plaintiff's claims under 42 U.S.C. § 1983.  Defendant Thompson's motion does not address Plaintiff's federal law claims at all.

<u>Twombly</u>, 550 U.S. at 570; <u>B & B Hardware, Inc. v. Hargis Indus., Inc.</u>, 569 F.3d 383, 387 (8th Cir. 2009).

### III. DEFENDANT THOMPSON'S MOTION IS NOT A MOTION TO DISMISS UNDER RULE 12(b)(6), BUT IS INSTEAD AN ATTEMPT TO TRY THE MERITS AT THE VERY OUTSET OF THE CASE

Apparently recognizing that Plaintiff has thoroughly pled each and every element of her federal and state law claims, Defendant Thompson turns to premature arguments about the merits of the state law claims (while ignoring the federal claims altogether). Defendant Thompson does not claim that Plaintiff's Petition fails to allege facts (which must be assumed to be true) sufficient to state a facially plausible claim for relief, as he is required to do to sustain a Rule 12(b)(6) motion. Instead, Defendant Thompson merely asserts that he has an affirmative defense to Plaintiff's state law claims and asks the Court to hold a special hearing unknown to Missouri jurisprudence in order to decide the same prior to the commencement of discovery.

Defendant Thompson's motion appears to be a kind of premature motion for summary judgment, albeit one that is not supported by any evidence whatsoever. The gist of the motion is that Plaintiff's state law claims are barred because Defendant Thompson was justified in using force against Plaintiff, a 67-year old woman. Defendant Thompson is entitled under Missouri law to raise justification as an affirmative defense to Plaintiff's tort claims, although the same must be properly pled and proved. <u>Zink v. Hile</u>, 594 S.W.2d 344, 346 (Mo. Ct. App. W.D. 1980). Missouri law does not, however, contemplate that MO. REV. STAT. §563.074 (2012) creates a special expedited process to address justification defenses, and there is no such thing under Missouri law as a "563.074 justification hearing," as requested in Defendant Thompson's motion. Defendant Thompson seems to be requesting that this Court hold an evidentiary hearing prior to the completion (or even the commencement) of discovery, and on the basis of such

3

hearing to dismiss all of Plaintiff's claims.  This is not the proper use of a Rule 12(b)(6) motion to dismiss.

## IV.    CONCLUSION

Defendant Thompson's Rule 12(b)(6) motion fails on its face, and his request for a special evidentiary hearing is neither proper under Rule 12(b)(6) nor contemplated or countenanced by Missouri law.  Accordingly, this Court should deny Defendant Thompson's Motion to Dismiss as to Defendant Charles Thompson and Request for Hearing Pursuant to §563.074 RSMo.

Respectfully Submitted,

COLLINS & JONES, P.C.

/s/ Joshua P. Jones
Joshua P. Jones, #60239
430 Market Street
PO Box 551
Osceola, MO 64776
(417) 646-2245
(888) 463-4813 FAX
jjones@collinsjones.com

ATTORNEYS FOR PLAINTIFF

4

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 27, 2013, a copy of the foregoing document was

electronically filed with the Clerk of the District Court by using the CM/ECF system, which will

send a notice of electronic filing to the e-mail addresses below.  The same was sent via U.S. Mail

to the address set forth below:

Patricia A. Keck (cindy@keckaustin.com, jason@keckaustin.com)
Jill Patterson (jill@keckaustin.com, kathi@keckaustin.com)
**Keck & Austin, L.L.C.**
3140 E. Division
Springfield, MO 65803
**Attorneys for Defendants**
**Charles Richard Thompson and**
**City of Weaubleau, Missouri**


                                           /s/ Joshua P. Jones
                                    Joshua P. Jones, Attorney for Plaintiff