# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| Antonina T. Solien, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 2:13-cv-04147-NKL ) |
| Charles Richard Thompson, | ) ) |
| and | ) ) |
| City of Weaubleau, Missouri, | ) ) |
| Defendants. | ) |

## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT CITY OF WEAUBLEAU, MISSOURI'S MOTION TO DISMISS

Plaintiff, by and through her undersigned counsel, Joshua P. Jones, Collins & Jones, P.C., responds in opposition to the Motion to Dismiss as to Defendant City of Weaubleau, Missouri (Doc. 3) filed by Defendant City of Weaubleau, Missouri ("City of Weaubleau"). For the following reasons, Defendant City of Weaubleau's motion should be denied.

### I.   INTRODUCTION

Defendant City of Weaubleau's motion to dismiss (presumably pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, although the motion references Rule 55.27(6) *[sic]* of the Missouri Rules of Civil Procedure instead) seeks the dismissal of all of Plaintiff's claims in her Petition (Doc. 1-1) on the grounds that such Petition fails to state a claim upon which relief may be granted. Notwithstanding the scope of the requested relief, the motion only addresses the state law tort claims contained in Counts I-IV of Plaintiff's Petition and does not provide any possible basis for dismissing Plaintiff's federal claims in Count V of the Petition. Defendant

1

City of Weaubleau seeks dismissal of Counts I-IV of Plaintiff's Petition by asserting that sovereign immunity bars such claims. Defendant City of Weaubleau ignores clear statutory exceptions to sovereign immunity that apply to Plaintiff's claims and that were fully pled in Plaintiff's Petition. Accordingly, Defendant City of Weaubleau's motion to dismiss should be denied because Plaintiff's well-pled Petition more than adequately sets forth viable, plausible and recognized claims under both federal and Missouri law.

### II. LEGAL STANDARD

Rule 12(b)(6) provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A motion to dismiss made pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Peck v. Hoff, 660 F.2d 371, 374 (8th Cir. 1981). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (*citing* Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n. 1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. To survive a motion to dismiss, a complaint must contain factual allegations, taken as true, sufficient "to raise a right to relief above the speculative level...." Twombly, 550 U.S. at 555; Parkhurst v. Tabor, 569 F.3d 861, 865 (8th Cir. 2009). Stated another way, to survive dismissal a complaint must allege "only enough facts to state a claim to relief that is plausible on its face."

2

Twombly, 550 U.S. at 570; B & B Hardware, Inc. v. Hargis Indus., Inc., 569 F.3d 383, 387 (8th Cir. 2009).

### III. MISSOURI LAW PROVIDES THAT SOVEREIGN IMMUNITY DOES NOT BAR TORT CLAIMS TO THE EXTENT INSURED AGAINST

Defendant City of Weaubleau correctly notes that MO. REV. STAT. §537.600 (2012) generally shields public entities against liability from common law tort claims, but fails to note that certain exceptions to such shield exist. Defendant City of Weaubleau's motion neglects to mention that MO. REV. STAT. §537.610 (2012) expressly waives the sovereign immunity of a public entity to the extent of any insurance policies (or self-insurance plans) that such entity obtains insuring against such claims. *See, e.g.* Epps v. City of Pine Lawn, 353 F.3d 588, 594 (8th Cir. 2003). Further, MO. REV. STAT. §71.185 (2012) provides that a municipality "shall be liable as in other cases of torts for property damage and personal injuries including death suffered by third persons while the municipality is engaged in the exercise of the governmental functions to the extent of the insurance so carried."

Plaintiff's Petition alleges in each of Counts I-IV that Defendant City of Weaubleau "possesses, and possessed at the time of the wrongful acts described above, liability insurance covering such wrongful acts, thereby waiving Defendant City of Weaubleau's sovereign immunity for the wrongful acts committed by its agent Defendant Thompson." (¶¶ 27, 36, 46 and 58 of Plaintiff's Petition, Doc. 1-1) Plaintiff has alleged facts that, if proved, would defeat Defendant City of Weaubleau's sovereign immunity defense against her state law tort claims. For purposes of ruling on Defendant City of Weaubleau's Rule 12(b)(6) motion to dismiss, Plaintiff's allegations are assumed to be true. Accordingly, Plaintiff's state law claims against Defendant City of Weaubleau are undoubtedly sufficient as pled to survive a motion to dismiss for failure to state a claim.

## IV. CONCLUSION

Counts I-IV of Plaintiff's Petition are sufficiently pled to survive Defendant City of Weaubleau's Rule 12(b)(6) motion. As noted above, such motion does not address Plaintiff's federal claims in Count V of the Petition. Accordingly, this Court should deny Defendant City of Weaubleau's Motion to Dismiss.

Respectfully Submitted,

COLLINS & JONES, P.C.

/s/ Joshua P. Jones
Joshua P. Jones, #60239
430 Market Street
PO Box 551
Osceola, MO 64776
(417) 646-2245
(888) 463-4813 FAX
jjones@collinsjones.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 27, 2013, a copy of the foregoing document was electronically filed with the Clerk of the District Court by using the CM/ECF system, which will send a notice of electronic filing to the e-mail addresses below. The same was sent via U.S. Mail to the address set forth below:

Patricia A. Keck (cindy@keckaustin.com, jason@keckaustin.com)
Jill Patterson (jill@keckaustin.com, kathi@keckaustin.com)
**Keck & Austin, L.L.C.**
3140 E. Division
Springfield, MO 65803
**Attorneys for Defendants**
**Charles Richard Thompson and**
**City of Weaubleau, Missouri**

      /s/ Joshua P. Jones
Joshua P. Jones, Attorney for Plaintiff