# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ANTONINA SOLIEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13-CV-4147-NKL |
| | ) |
| CHARLES THOMPSON, and CITY OF WEAUBLEAU, MISSOURI, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendant Thompson's Motion to Dismiss [Doc.2] and Defendant City of Weaubleau's Motion to Dismiss [Doc. 3]. Both motions are DENIED.

Plaintiff's Complaint alleges that Defendant Thompson, the Mayor of Weaubleau, assaulted her by removing her from City Hall. Thompson argues that Plaintiff's Complaint fails to state a claim for assault because Thompson is entitled to absolute immunity. To support his absolute immunity defense,[1] he first relies on Section 563.031 RSMo for the proposition that he was justified in using force to remove Plaintiff from City Hall. Section 561.031 states that "a person may use force when and if [a person] reasonably believes such force to be necessary to defend himself or herself or a third

---

[1] Thompson argues that absolute immunity is a bar and not an affirmative defense. Regardless of how characterized, immunity is a defense and Thompson has the burden to establish it. For purposes of this order, any nomenclature distinctions between affirmative defense and bar are irrelevant.

person from what he or she reasonably believes to be the use of imminent use of unlawful force by such other person . . . ." Thompson then invokes Section 563.074 RSMo which gives absolute immunity to any person who establishes a justification pursuant to Section 563.031. Thompson finally concludes that these statutes in the aggregate give him a right to an immediate hearing before a judge on his justification defense. Otherwise, he will have to incur the expense of litigation which he asserts is inconsistent with absolute immunity.

Thompson acknowledges that his proposed pretrial hearing process is not recognized by any Missouri case or statute, but rather, asks this Court to predict that such a right would be created if a Missouri state court were addressing the issue. He relies in part on the case of *McAlister v. Strohmeyer*, 395 S.W.3d 546 (Mo. Ct. App. 2012), which held that "[o]nce the evidence support[s] a justification defense under section 563.031, it constitute[s] an 'absolute defense' under section 563.074 to any civil liability . . . ." *Id.* at 555. However, *McAlister* was decided after a final ruling on the merits in the lower court. Thus it shows that absolute immunity does not mean immunity from litigation as argued by Thompson.

Thompson also points to the second paragraph of Section 563.074 to support his proposed pretrial hearing. That paragraph authorizes a court to award attorney fees in cases where absolute immunity has been established. But courts always resolve attorney fee issues as an ancillary matter to the litigation. This does not suggest that section 563.074 defenses will be addressed by a court not a jury. Indeed, the provision for attorney fees in section 563.074 is further evidence that absolute immunity is only

triggered once it is proven at trial. Any burden of litigation is addressed by fee shifting, not the creation of a new adjudicatory process.

In addition, Thompson relies on the doctrines of sovereign immunity and qualified immunity to show that any disputes about immunity should be resolved at the beginning of a case before discovery, thereby protecting defendants from the burdens of litigation. However, just because sovereign immunity and qualified immunity are often resolved before discovery, does not mean that all defenses identified in Section 563.074 can be similarly resolved. Indeed, if there are material factual disputes, a qualified immunity defense is not resolved before discovery or trial. Second, qualified immunity is based on what a reasonable police officer would have known. Therefore, a court is applying an objective standard which makes it an issue of law not fact. As for sovereign immunity, if there are predicate factual issues to be resolved such as whether there is or is not insurance coverage, then the issue of sovereign immunity must likewise wait for either summary judgment or a jury trial on the predicate factual disputes.

Finally, and of overarching concern, is the requirement of both the Missouri State Constitution and the United States Constitution that most civil litigation is to a jury not a judge. And Thompson has not explained why the facts involving a self defense dispute would be the exception to this rule. Of course, neither state public policy nor state statutes trump either the Missouri or United States constitutions. Thus, because a self defense dispute is a fact intense inquiry, it is clear this defense must be resolved by a jury (absent a successful summary judgment motion) and the Court is confident that Missouri courts would reject Thompson's claim to the contrary.

As to the City of Weaubleau's Motion to Dismiss, it must be denied because Plaintiff has alleged that the City is covered by insurance and therefore sovereign immunity does not bar her state law claims against the City. While the City asserts that there is evidence to the contrary, a motion to dismiss is not the mechanism to test whether Plaintiff has evidence to support her claim. A motion for summary judgment is the proper vehicle for that task. As to Count V of Plaintiff's Complaint, the City did not raise any grounds for dismissal of Count V in its Motion or Suggestions in Support thereof. Not until its Reply did the City allege grounds for dismissing Count V. This was too late because it did not give Plaintiff an opportunity to respond to the arguments raised in the City's Reply. Therefore, the City of Weaubelau's Motion to Dismiss is denied.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: September 30, 2013
Jefferson City, Missouri